UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHYLLIS E. COFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:04-cv-1886-JDT-TAB |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO VACATE JUDGMENT, VACATE ORDER, REOPEN CASE AND AMEND COMPLAINT (Docket No. 33)**[1]

On August 25, 2005, this court entered an order dismissing some of Plaintiff, Phyllis Cofer's claims for lack of subject matter jurisdiction and granting summary judgment in favor of the Defendant on any remaining claims. Cofer now seeks to have that order vacated and her case reopened because of what she describes as ineffective legal representation provided by her previous attorney, Derrick Eley. Such a request falls under the relief available pursuant to Federal Rule of Civil Procedure 60(b)(6), which in pertinent part reads:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

The general purpose of Rule 60 is "to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy'." *Cash v. Ill. Div. Of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000).  In a rule already limited in application to extraordinary circumstances, the resort to its "catch all" provision (subsection (b)(6)) requires an extremely compelling demonstration of injustice in order to prevail. *Provident Savings Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir. 1995).  Cofer asks this court to find that her attorney's lack of diligence and poor communication amounts to special circumstances that warrants this extraordinary remedy.  She contends that if she had known that her attorney had not filed a response to the Defendant's dispositive motion, she would have obtained other counsel or done something to assure that a response sufficient to ward off a dismissal or judgment against her was filed.  The court does not find Cofer's contention convincing or the circumstances so compelling as to require it to invoke the extraordinary remedy requested.

Neglect on the part of a party's attorney is not a basis for relief under Rule 60(b)(6) that has been recognized by the Seventh Circuit.  *Sparrow v. Heller*, 116 F.3d 204, 206 (7th Cir. 1997); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir. 1996); *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1278 (7th Cir. 1990).  Nor has Cofer's own diligence been so compelling as to coax this court into considering the circumstances at hand so extreme as to warrant a venture into previously unrecognized grounds for Rule 60(b)(6) relief.

Defendant filed a motion on June 22, 2005, which sought dismissal or in the alternative summary judgment with respect to all of Cofer's claims.  At the time that

motion was filed, Cofer was representing herself.  Accordingly, she was sent both a copy of the motion and a notice which described the significance of the motion, the type of response that was due and the time frames for filings.  Between the time the motion was filed and a response was due, her deposition was taken and she was informed again of the time frame for her response.  It was apparently at this deposition that Cofer's first attorney, Derrick Ely, made an appearance and announced that he would be representing Cofer.  He then filed a written notice of his appearance on her behalf with the court on June 29, 2005.  As a result, the court extended the time for the filing of a response to Defendant's dispositive motion.  However, a response was never filed and the court reviewed the motion without the benefit of a response and granted it on August 25, 2005.

Almost six months after the court granted Defendant's motion, a new attorney appears on behalf of Cofer.  Two months after that, a motion to vacate the judgment is filed.  While Cofer may not be familiar with the legal process, she was provided with sufficient notice to allow a diligent individual, who has seen fit to file a federal lawsuit on her own, to either continue the pursuit of that claim herself and adhere to the deadlines of the court she has asked to hear her claims or make sure that the attorney who has joined the fray on her behalf does it for her.  Even if, as Cofer claims, she was not aware that she had lost the motion and judgment had been entered against her with costs until counsel for Defendant informed her in November of 2005, it was not until

March of 2006 that her current motion seeking to vacate that judgment was filed. This does not demonstrate diligence on her part.[2]

If Cofer's allegations about Ely's conduct are truthful, that is a matter better addressed as a claim against him, which has no place in federal court. However, the circumstances here do not warrant the invocation of Rule 60(b)(6) relief. Accordingly, Plaintiff's Motion to Vacate Judgment, Vacate Order, Reopen Case and Amend Complaint (Docket No. 33) is **DENIED**.

ALL OF WHICH IS ENTERED this 16th day of May 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Tae Sture
Sture Legal Services
155 East Market Street, Ste. 400
Indianapolis, IN 46204
Tae@Sturelaw.com

Debra G. Richards
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
debra.richards@usdoj.gov

---

[2] The court finds it unnecessary to analyze in detail the evidence that Cofer claims would have convinced the court that her claims should have been allowed to proceed to trial. As indicated above, the fact that the evidence was never timely presented to the court is not a basis for relief here. However, it should be noted that the suggestion that she could have simply filed a transcript from an EEOC proceeding in order to stave off dismissal or an adverse judgment is not at all facially convincing to this court.